**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**MAHDY EL-TABLAWY AND**                    **CIVIL CASE NO. 4:19-cv-04858**
**NADIA EL-TABLAWY**
      **Plaintiffs,**

**V.**

**ALLSTATE INSURANCE COMPANY,**
      **Defendant.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF REMOVAL</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY, incorrectly named as "Allstate Vehicle and Property Insurance Company" ("Allstate"), which is and was at all times pertinent a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and hereby removes the state court action entitled "*Mahdy El-Tablawy and Nadia El-Tablawy v. Allstate Insurance Company*", bearing Case Number 2019-81073 pending in the District Court of Harris County, 152nd Judicial District, State of Texas to the United States District Court for the Southern District of Texas, Houston Division and respectfully represents as follows:

---

[1] 42 U.S.C. § 4001, *et seq.*

[2] *See* 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); **Error! Main Document Only.***Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

**The Parties and Timeliness**

1.      Mahdy El-Tablawy and Nadia El-Tablawy ("Plaintiffs") filed the referenced state court action against Allstate on or about November 7, 2019. An index of all documents being filed contemporaneously with this Notice of Removal is attached as Exhibit "A."  A true and accurate copy of the Plaintiffs' Complaint ("Complaint") and all pleadings is attached and incorporated hereto as part of Exhibit "B," as required by 28 U.S.C. §§ 1446(a) and 1147(b).

2.      Allstate hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072; 44 C.F.R. Pt. 61, App. A(1), Articles VII & IX; 28 U.S.C. §1331; 28 U.S.C. §1337 and 28 U.S.C. §1367.

3.      In her Complaint, Plaintiffs allege the following, to wit:

-      Plaintiff are residents of Harris County, Texas. Allstate is an Illinois insurance company engaged in the business of selling insurance in the State of Texas. Plaintiffs' property is located in Harris County, Texas.  (Complaint, ¶I&II)

-      Plaintiffs' home is located in Harris County and was severely damaged by Hurricane Harvey. Plaintiffs' property was covered under a policy of insurance purchased from Allstate. Following the hurricane, Plaintiffs submitted a claim for damages with Allstate, Allstate initially covered the claim and made partial payment for damages, Plaintiffs filed a supplemental claim for damages against Allstate, Allstate took no action on the supplemental claim for damages. Plaintiffs assert that Allstate through its adjusters made false and misleading representations about Plaintiffs' ability to file a supplemental claim and Allstate has continued to delay or deny Plaintiffs' supplemental claim in breach of the insurance contract and in violation of the Texas Insurance Code. (Complaint, ¶IV)

-      Allstate's conduct is in direct breach of their insurance contract with Plaintiffs; Allstate's actions amount to common law fraud, fraudulent inducement, negligence and gross negligence, promissory estoppel, deceptive trade practices and violations of the Texas Insurance Code in representations made by Allstate and in the way Allstate handled Plaintiffs' flood insurance claim. (Complaint, ¶¶V(A-G))

-      As a result of Allstate's conduct as alleged, Plaintiffs seek actual damages, punitive damages, attorney's fees and expenses, mental anguish, treble damages, costs, interest, and any other relief. (Complaint, ¶VI)

4.     The insurance policy referenced is a Standard Flood Insurance Policy ("SFIP") Dwelling Form codified and found at 44 C.F.R. Pt. 61, App. (A)(1), a copy of which is attached as Exhibit "C."

5.     Defendant Allstate was served with the state court Citation/Summons and Plaintiffs' Complaint on or about November 26, 2019. (Ex. B) Thirty days have not elapsed since Defendant first received the Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§1441 and 1446.

## Jurisdiction and Venue

6.     Plaintiffs aver that Defendant Allstate breached its contract of insurance by allegedly failing to pay for flood damages to the subject property owed to the insured pursuant to the SFIP.  (Ex. "B" ¶¶IV, V, VI)

7.     Defendant Allstate participates in and issues SFIPs under the NFIP Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. §4001, *et seq.*

8.     The payments that Plaintiffs seek in this lawsuit constitute a direct charge on the public treasury, and would be binding upon the federal government. 44 C.F.R. § 62.23(f) & *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 300 (4th Cir. 2002).

9.     According to the Complaint, the subject property is located in Harris County, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R).

10.     As a result of the foregoing, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1) Art. VII (R), which vests in the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP.  *See* 42 U.S.C. §4072; *Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 207, 209 (5th Cir. 2016); Ex. C; *and Jamal v. Travelers Lloyds of Tex. Ins. Co*., 97 F.Supp.2d 800 (S.D.Tex. 2000)

11.     Allstate contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) (Dwelling Form) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A (1) Art. IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331. *See, Woodson v. Allstate,* --- F.3d. ---, WL 1660663 *2 (4th Cir. May 3, 2017) and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

12.     As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. §4001, *et seq*., Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004). Under §1337, removal is proper where the facts alleged in the Plaintiffs' petition bring into play an act of

Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiffs' pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

13.     Lastly, to the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

14.     Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs through their Counsel of Record and will be filed with the Clerk of Court for the District Court of Harris County, 152nd Judicial District, State of Texas, in conformity with 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, bearing Case Number 2019-81073 pending in the District Court of Harris County, 152nd Judicial District, State of Texas be removed to the United States District Court for the Southern District of Texas, Houston Division for further proceedings as provided by law.

Dated: December 13, 2019          Respectfully submitted,

**BAKER HOSTETLER, LLP**

*/s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Federal ID No. 19437
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
Ryan A. Walton
State Bar No. 24105086
Federal ID. No. 3278426
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Email: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com
Email: rwalton@bakerlaw.com
**COUNSEL FOR DEFENDANT, ALLSTATE
INSURANCE COMPANY**

AND

**NIELSEN & TREAS, LLC**

Keith M. Detweiler, Esq., LA Bar No. 20784
Texas State Bar #24052089
USDC SDTX Bar #968480
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-832-9165
Email: kdetweiler@nt-lawfirm.com
**COUNSEL FOR DEFENDANT, ALLSTATE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via Electronic Mail this 13th day of December 2019.

Robert Scherrer
Underwood, Jones & Scherrerr, PLLC
5177 Richmond, Suite 5050
Houston, TX 77056
*Counsel for Plaintiffs*

*/s/ Bradley K. Jones*
Bradley K. Jones